Pamela K. STATON, Plaintiff-
Appellant,

v.

BANK OF AMERICA (BAC) HOME
LOANS SERVICING LP; Mortgage
Electronic Registration Systems, Inc.;
Recontrust Company, NA, a subsid-
iary of BAC NA, Defendants-Appel-
lees.

No. 14-35399

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted October
3, 2016 Portland, Oregon

Filed November 28, 2016

Russell Lavergne Baldwin, Attorney at
Law, Lincoln City, OR, for Plaintiff-Appel-
lant.

Pilar Cortwright French, Peter D.
Hawkes, Robert E. Maloney, Jr., Lane
Powell PC, Portland, OR, for Defendants-
Appellees.

Before: CLIFTON, MURGUIA, and
NGUYEN, Circuit Judges.

MEMORANDUM *

Plaintiff-Appellant Pamela Staton ap-
peals from the district court's judgment
dismissing her foreclosure related action
for lack of subject matter jurisdiction and
failure to state a claim upon which relief
can be granted. We review de novo a

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

dismissal for lack of subject matter juris-
diction, *Harger v. Dep't of Labor*, 569 F.3d
898, 903 (9th Cir. 2009), and for failure to
state a claim under Federal Rule of Civil
Procedure 12(b)(6), *Cholla Ready Mix,
Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.
2004). We affirm.

Plaintiff's claims arise out of a non-judi-
cial foreclosure attempt that Defendants
have rescinded and have committed to
abandoning. We affirm the district court's
dismissal of these claims as moot. A feder-
al court's jurisdiction is limited to actual
cases or controversies. U.S. Const. art. III,
§ 2, cl. 1; *Iron Arrow Honor Soc'y v.
Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 78
L.Ed.2d 58 (1983). If a claim "has lost its
character as a present, live controversy," it
is moot. *Flint v. Dennison*, 488 F.3d 816,
823 (9th Cir. 2007). Federal courts lack
jurisdiction "to give opinions upon moot
questions or abstract propositions, or to
declare principles or rules of law which
cannot affect the matter in issue in the
case before it." *Am. Rivers v. Nat'l Ma-
rine Fisheries Serv.*, 126 F.3d 1118, 1123
(9th Cir. 1997) (internal quotation marks
omitted). Because the non-judicial foreclo-
sure has been rescinded and Defendants
have certified to the court that they will
not resurrect the process, any claim chal-
lenging the non-judicial foreclosure pro-
cess was properly dismissed as moot.

Dismissal of these claims based on moot-
ness does not preclude Plaintiff from
bringing arguments related to her loan's
securitization in the context of a judicial
foreclosure, should Defendants choose to
pursue one. The actual case or controversy
requirement is a limit on federal courts'
jurisdiction. *See Iron Arrow*, 464 U.S. at
70, 104 S.Ct. 373. A dismissal for lack of
jurisdiction, which is not a judgment on

by Ninth Circuit Rule 36-3.

the merits, should be without prejudice so that a plaintiff may reassert her claims in a competent court. *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999); *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir. 1990).

We affirm, however, the district court's dismissal with prejudice of Staton's claim of an invalid encumbrance under Oregon Revised Statutes sections 205.450-205.470. The statute defines an "encumbrance" as a "claim, lien, charge or liability attached to and binding property." Or. Rev. Stat. § 205.450 (1). Plaintiff claims that several documents constitute invalid claims of encumbrance, including the Deed of Trust, the assignment of the Deed of Trust, the appointment of a successor trustee, the Notice of Default and Election to Sell, and the Affidavit of Compliance with Oregon Senate Bill 628 (2009). Of these documents, only the Deed of Trust constitutes an encumbrance, as it is the only document that binds the property; the other documents did not impose a "claim, lien, charge or liability" independent of the Deed of Trust itself. Or. Rev. Stat. § 205.450(1); *Vukanovich v. Kine*, 251 Or.App. 807, 285 P.3d 733, 737 (2012). Because the parties agree that the Deed of Trust is valid, and the other filings do not themselves constitute encumbrances, Staton has failed to state a claim for an invalid encumbrance under sections 205.450-205.470. "A judgment dismissing an action for failure to state a claim is a judgment on the merits," *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir. 1981), and thus, may be dismissed with prejudice.

Plaintiff also argues that the district court erred in denying her leave to amend. The district court did not abuse its discretion in denying Plaintiff an additional op-portunity to amend her complaint because any further amendment would have been futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint"); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) (a district court acts within its discretion to deny leave to amend when amendment would be futile).

**AFFIRMED.**